# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00035-CR

**Jose Edward Villagomez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT NO. B-06-0561-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jose Edward Villagomez pleaded guilty to possessing more than four grams of cocaine with intent to deliver, and the trial court assessed his punishment at twelve years in prison as called for in a plea agreement. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp. 2009). In a single issue, appellant contends that the court erred by overruling his pretrial motion to suppress evidence. We overrule this contention and affirm the conviction.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). This means that the ruling will be upheld if it is reasonably supported by the record and is correct under any applicable legal theory. *Id*. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the trial court almost complete

deference in determining historical facts, but we review de novo the trial court's application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Because the trial court did not make findings of fact, we review the evidence in the light most favorable to the court's ruling and assume the court made findings that are supported by the record and buttress its conclusion. *Id*. at 327-28.

The principal witness at the suppression hearing was Department of Public Safety trooper Jack McCrea. McCrea testified that he was assigned to the Department's commercial motor vehicle enforcement division and certified to conduct commercial motor vehicle inspections. On the morning of February 23, 2006, McCrea stopped a truck-tractor and trailer on U.S. Highway 277. McCrea said that he acted pursuant to transportation code section 644.103, which authorizes the detention of vehicles that are subject to commercial vehicle safety standards. *See* Tex. Transp. Code Ann. § 644.103 (West Supp. 2009); *see also United States v. Fort*, 248 F.3d 475, 482 (5th Cir. 2001) (holding that warrantless stop and inspection of commercial vehicle pursuant to section 644.103 was valid under regulatory exception to warrant requirement, citing *New York v. Burger*, 482 U.S. 691 (1987)). McCrea testified that he believed at the time that the truck and trailer were commercial vehicles subject to detention under the statute. He explained, "[I]n my experience and training the dual tandems on the trailer signify 20,000 pounds gross vehicle weight rating and I knew that the truck was over 6,000 pounds gross vehicle weight rating, which in turn made it over the 26,000-pound threshold that we have to have in order to regulate an intrastate . . . commercial motor vehicle."

Appellant was the driver of the truck. The trailer had a flat bed, and it was carrying a farm tractor, a four-wheeler, and tool boxes. McCrea testified that after stopping the truck and trailer, he looked for the vehicle identification number (VIN) plate on the trailer in order to confirm its weight rating. *See* Tex. Transp. Code Ann. § 501.032 (West 2007) (requiring that serial number be affixed to carriage or axle of trailer). This was relevant both to confirm the officer's belief that the truck and trailer were commercial vehicles and to determine whether appellant was required to have a commercial driver's license. *See id.* § 522.011 (specifying when commercial license required), § 522.041 (commercial license classifications) (West 2007). As he was conducting this inspection, McCrea noticed that the truck and trailer had farm license plates.

McCrea could not find the required VIN plate on the trailer, so he asked appellant to follow him to the Department's office in San Angelo "so we could conduct a further investigation to try to identify the trailer." Appellant agreed to do this. On the way to the office, McCrea ran a check to determine if appellant had a criminal history and learned that he had been convicted for the unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.04 (West Supp. 2009). Appellant was arrested at the Department's office when he admitted having a rifle and a handgun in the truck. During a search incident to that arrest, cocaine was found in appellant's pocket.

Appellant also testified at the hearing. He said that his father had recently purchased the trailer. His father had also purchased the tractor and four-wheeler loaded on the trailer. Appellant testified that he had been hired by his father to transport these items to his father's ranch near Del Rio.

3

Appellant contends that the stop and detention were unlawful because the truck-tractor and trailer he was driving were farm vehicles exempt from commercial motor vehicle safety standards, and thus exempt from being stopped for inspection under section 644.103. Appellant's argument is premised on the presence of the farm license plates on the truck and trailer.

The farm license plates indicated that the truck and trailer had been registered as farm vehicles. *See* Tex. Transp. Code Ann. § 502.163 (West 2007) (authorizing registration of commercial vehicle as farm vehicle if owner will use it for certain limited purposes). But as McCrea testified, farm license plates are commonly misused: "[W]e catch them all the time, people running farm tags and it's not a legitimate farm operation."[1] Appellant cites no authority to support his contention that the presence of the farm plates alone established that the truck and trailer were not commercial vehicles subject to regulation, detention, and inspection.

For the purpose of Texas commercial motor vehicle safety standards, a "commercial motor vehicle" operated intrastate has the meaning assigned by section 548.001 of the transportation code. *Id*. § 644.01(1) (West Supp. 2009). Under that definition, a "commercial motor vehicle" means "a self-propelled or towed vehicle [having a combined gross weight rating of more than 26,000 pounds], other than a farm vehicle with a gross weight, registered weight, or gross weight rating of less than 48,000 pounds, that is used on a public highway to transport passengers or cargo." *Id*. § 548.001(1)(A). Under this definition, a "farm vehicle" has the meaning assigned by the federal motor carrier safety regulations. *Id*. § 548.001(5). The federal motor carrier safety regulations are

---

[1] McCrea testified that it was later determined that the license plate on the trailer had been issued for a different vehicle. It was also determined that the truck and trailer were not being used for farming purposes.

4

found in the Code of Federal Regulations. *See* 49 C.F.R. §§ 390.1-.37 (2008). These regulations do not specifically define "farm vehicle," but they do contain these pertinent definitions:

> *Farm vehicle driver* means a person who drives only a commercial motor vehicle that is—
> (a) Controlled and operated by a farmer as a private motor carrier of property;
> (b) Being used to transport either—
>     (1) Agricultural products, or
>     (2) Farm machinery, farm supplies, or both, to or from a farm;
> (c) Not being used in the operation of a for-hire motor carrier;
> (d) Not carrying hazardous materials . . . ; and
> (e) Being used within 150 air-miles of the farmer's farm.
>
> *Farmer* means any person who operates a farm or is directly involved in the cultivation of land, crops, or livestock which—
> (a) Are owned by that person; or
> (b) Are under the direct control of that person.
>
> . . .
>
> *For-hire motor carrier* means a person engaged in the transportation of goods or passengers for compensation.
>
> . . .
>
> *Private motor carrier* means a person who provides transportation of property or passengers, by commercial motor vehicle, and is not a for-hire motor carrier.

*Id*. § 390.5.

Thus, determining whether the truck and trailer were farm vehicles for regulatory purposes required more than merely looking for the farm license plates. Instead, it required the officer to determine whether the vehicles were being used as farm vehicles within the meaning of the pertinent statues and regulations. Viewing the evidence in the light most favorable to the ruling, the trial court could find that McCrea was justified in his initial belief that appellant's truck and

5

trailer had a gross weight rating exceeding 26,000 pounds and were, at least tentatively, commercial vehicles. Thus, the initial stop for inspection was authorized by section 644.103. The subsequent detention due to the absence of the required VIN on the trailer did not exceed the purposes of the initial stop, and the discovery of the unlawful weapons during that detention warranted appellant's arrest. The cocaine was lawfully found during the search incident to that arrest.

Appellant's single issue is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   December 8, 2009

Do Not Publish